FILED
2023 Oct-04 PM 06:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

GLORIA JEAN MCCORD,
an individual,

Plaintiff,

CASE NO:

vs.

DEKLAB COUNTY and the
DEKALB COUNTY COMMISSION,

Defendants.
_______________________________________/

## COMPLAINT

Plaintiff, GLORIA JEAN MCCORD, ("Plaintiff"), through undersigned counsel, hereby files this Complaint and sues DEKALB COUNTY and the DEKALB COUNTY COMMISION for compensatory damages, injunctive relief, attorney's fees and costs pursuant to the Americans with Disabilities Act, the Rehabilitation Act of 1973, as well as for compensatory damages for personal injuries pursuant to Alabama Law, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title II of the Americans with Disabilities Act, (hereinafter referred to as the "ADA") 42 U.S.C. '' 12131-12134, and its implementing regulation, 28 C.F.R. Part 35, as well

as §504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §701 *et seq*. ("the Rehabilitation Act"). This Court is vested with original jurisdiction under 28 U.S.C §§1331 and 1343 as well as supplemental jurisdiction pursuant to 28 U.S.C. §1367 insofar as Plaintiff's claim for personal injuries under Alabama law is concerned.

2. Venue is proper in this Court, the Eastern Division of the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, GLORIA JEAN MCCORD (hereinafter referred to as "MCCORD") is a resident of Dekalb County, Alabama and is a qualified individual with a disability under the ADA. MCCORD has what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she is 65 years old and receives Social Security disability benefits as a result of heart disease, vascular necrosis with bilateral hip replacements, osteoporosis and osteoarthritis and has limitations in how far she can walk without assistance due to bilateral hip replacements, and occasionally uses a wheelchair or walker for mobility. Prior to instituting the instant action, MCCORD visited the Defendant's premises at issue in this matter on May 8, 2023, when she reported for jury duty. McCord was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA and more specifically, the barriers to access listed in Paragraph 23,

below, that she personally encountered. MCCORD continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendants, DEKALB COUNTY and the DEKALB COUNTY COMMISSION (hereinafter referred to jointly as "Defendants" or "DEKALB COUNTY") is a political subdivision of the State of Alabama. Upon information and belief, Defendant is the operator, owner and/or lessee of the programs, services and activities offered by DEKALB COUNTY as well as the facility, real properties and improvements which are the subjects of this action, namely: the Dekalb County Courthouse located in Fort Payne, Alabama (hereinafter referred to as the "subject facility").

5. On the morning of May 8, 2023, while attending jury duty at the subject facility, MCCORD attempted to use the toilet room nearest the jury room, which contains the architectural barriers to access listed in Paragraph 23(v)(a) through (i). MCCORD required the assistance of other members of the public also serving on jury duty to get up and off of the water closet and to exit the jury room and sustained a dislocated hip in the effort, and was subsequently transported via ambulance from the subject property to the Dekalb County Hospital without being able to complete jury duty. MCCORD was subsequently transferred to Gadsden Regional Medical Center and further developed pressure sores while convalescing as a result of her

injuries sustained at the subject property which required ongoing home health and wound care for several months following the incident made the basis of this suit. MCCORD continues to have increased difficulty walking and now relies on a walker and/or rollator most of the time.

6. MCCORD has satisfied all conditions precedent to filing this action and has filed a Notice of Claim with the County Administrator for Dekalb County on June 28, 2023, in compliance with Ala. Code §§ 6-5-20, 11-12-5 and 11-12-8.

7. All events giving rise to this lawsuit occurred in the Northern District of Alabama

**COUNT I-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

8. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

9. In Title II of the ADA, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

10. "Public entity" is defined as "any state or local government" or "any department, agency…..of a state…..or local government." 42 U.S.C. § 12131(1)(A) and (B).

11. Title II of the ADA also requires that a public entity shall take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others 28 C.F.R. §35.160(a).

12. Discrimination occurs when a person with a disability is "excluded" from participation in or [is] denied the benefits of the services, programs or activities of a public entity…" 42 U.S.C. § 12132.

13. The U.S. Department of Justice ("DOJ") has promulgated federal regulations to implement the ADA. In addition, the ADA Accessibility Guidelines ("ADAAG") establishes the standards to which public entities must conform in order to comply with the ADA. The ADAAG (ADA Standards for Accessible Design, 36 CFR Part 1191, Appendices B and D)[1] applies to the Defendant's facility at issue in this matter, regardless of whether they are of new or old construction, since removal of these barriers described herein are readily achievable and not unduly burdensome within the meaning of the ADA. 42 U.S.C. §§ 12134(c) and 12204.

14. Defendants were required to have completed structural changes in the subject facility over twenty-five years ago, and, in any event, no later than January

[1] Plaintiff recognizes that compliance with the earlier version of ADAAG codified at 28 CFR Part 36, Appendix A can provide safe harbor to the Defendant with regard to the new ADAAG in effect as of March 15, 2012. However, with respect to the specific barriers to access alleged in Paragraph 23, herein below, Plaintiff asserts the Defendant has not complied with either the old 1991 ADAAG or the new version cited herein and the failure to do so has rendered many programs, services and activities offered by Defendant at the subject public facility (perhaps all of them) inaccessible to people with mobility disabilities such as Plaintiff.

26, 1995. Defendant has failed to complete the required structural changes to achieve equal program, service or activity access to the public programs, services and activities offered at the subject facility.

15. Defendants have known for over twenty-five years of its duties and obligations under Title II of the ADA to complete the necessary and required structural changes. Defendant has arbitrarily and intentionally refused to complete the necessary and required structural changes to the subject facility by the January 26, 1995 date as mandated by federal law.

16. Defendants' failure to have fully implemented all structural modifications at the subject facility has denied and continues to deny Plaintiff full, safe and equal access to Defendant's programs, services and activities that are otherwise available to persons without disabilities at the subject facility.

17. Defendants have engaged in conduct and acts of omission that subject Plaintiff to discrimination solely on the basis of her disability. Defendants directly participated in or acquiesced in the conduct or acts of omission described in this Complaint. Defendants' discrimination against Plaintiff solely on the basis of her disability has been, and continues to be, arbitrary, knowing and intentional.

18. Under Title II of the ADA, the programs, services and activities of public entities must be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue

financial and administrative burden" to the entity. 28 C.F.R. §35.149-150. It is the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden. Further, any decision that compliance would result in alteration or burden must be made after "considering all resources available for use in the funding of operation of service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion" 28 C.F.R. §35.150(a)(3). Defendants cannot meet this burden.

19. Plaintiff was subjected to discrimination when she attempted to access the subject facility when summoned to serve on jury duty on May 8, 2023. Plaintiff continues to desire to return and therefore will continue to suffer discrimination by Defendants in the future as the lack of equal access to the programs, services and activities at the subject facility continues to exist.

20. Defendants have discriminated against Plaintiff by denying her full and equal enjoyment of benefits of a service, program or activity conducted by a public entity as prohibited by 42 U.S.C. §12101 *et seq.*, and by failing to remove architectural barriers pursuant to 28 CFR §§35.150 and 35.151, and by failing to maintain accessible features as mandated by 28 CFR §35.133.

21. Defendants have discriminated, and continue to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facility, privileges, advantages and/or

accommodations at the subject facility in derogation of Title II of the ADA, 42 U.S.C. § 12101 *et seq.*

22. Plaintiff has been subjected to discrimination and has suffered an injury in fact due to the lack of wheelchair access to the programs, services and activities offered at the subject facility, as well as physical injuries as described in more detail in paragraph 5, above.

23. Defendants are in violation of 42 U.S.C. § 12101 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and are discriminating against Plaintiff due to the following violations, *inter alia*:

i. There are an insufficient number of accessible parking spaces in the parking lot serving the subject facility;

ii. Two parking spaces with some indicia of accessibility lack adjacent access aisles, such that there are currently parking spaces designated as accessible that are not in fact accessible;

iii. The main first floor toilet rooms lack sufficient clear floor space for a person with a disability to exit the toilet rooms independently;

iv. The water closet in the first floor toilet rooms have flush valves facing the narrow side of the accessible toilet stall;

v. The jury room toilet room lacks any accessible features whatsoever and contain the following barriers:

a. There is no accessible signage to designate the toilet room;

b. The door hardware requires tight grasping and twisting of the wrist to operate;

c. There is insufficient clear floor space in the toilet room to enter and close the door, access any of the fixtures, or leave independently, as the door swing leaves no room to maneuver out of its path;

d. The water closet lacks required grab bars;

e. The water closet has a seat that is too low;

f. The water closet has a flush valve that faces the narrow side of the toilet room;

g. The mirror is too high;

h. The paper towel dispenser is too high and out of reach;

i. The lavatory pipes are not insulated.

24. There are other current barriers to access and violations of the ADA at the subject facility which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations and barriers to access be identified.

25. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

26. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject programs, services and facility to make them readily accessible to, and useable by, individuals

with disabilities to the extent required by the ADA, and closing the subject programs, services and facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A. That the Court declare that the programs, services and facility owned, operated and administered by Defendants are violative of the ADA;

B. That the Court enter an Order directing Defendants to alter its programs, services and facility to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

C. That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D. That the Court award damages to Plaintiff, in an amount it deems just and proper, as a result of disability discrimination in violation of the Americans with Disability Act, as authorized by *Tennessee v. Lane*, 541 U.S. 509 (2004) which held that access to the courts is a fundamental right;

E. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

F. That the Court award such other and further relief as it deems necessary, just and proper.

**<u>COUNT II – VIOLATION OF THE REHABILITATION ACT</u>**

27. Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 7 of this Complaint.

28. As more fully described above, Plaintiff is an individual with a

disability.

29. Furthermore, the Plaintiff is an Alabama resident who does or would like to frequent the subject facility that is currently inaccessible as described above and herein and is otherwise qualified to use and enjoy the programs, services and activities provided by Defendants in the subject facility.

30. Defendants' acts and omissions that result in unequal access to the programs, services, facility and activities provided by Defendants as alleged herein are in violation of Section 504 of the Rehabilitation Act as codified in 29 U.S.C. § 794 *et seq*., and the regulations promulgated thereunder which are codified in 34 C.F.R. § 104 *et seq*. Defendants are the direct recipient of federal funds sufficient to invoke the coverage of Section 504 and are unlawfully and intentionally discriminating against Plaintiff on the sole basis of his disabilities. Upon information and belief, the public programs, services and activities at issue in this cause at the subject facility have benefited from federal financial assistance.

31. Solely by reason of disability, Plaintiff has been, and continues to be, excluded from participation in, denied the benefit of, and subjected to discrimination in her attempts to receive full, safe and equal access to the programs, services and activities offered by Defendants.

32. Defendants are in violation of Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. §794 and are discriminating against the Plaintiff due to the

violations detailed in paragraph 23 above, which are incorporated herein by reference.

33. Upon information and belief, there are other current violations of the Rehabilitation Act in the subject facility and only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A That this Court accept jurisdiction of this case and declare that the programs, services and facility owned, operated and administered by Defendants are discriminatory and are violative of the Rehabilitation Act;

B. That the Court enter an order requiring Defendants to alter its programs, services and facility to comply with federal law and regulations to make them accessible to and usable by individuals with disabilities to the extent required by the Rehabilitation Act;

C. That the Court enter an order directing Defendants to evaluate and neutralize its policies, practices, and procedures toward individuals with disabilities, for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D. That the Court enter an order mandating that Defendants undertake a self-evaluation and that such evaluation contain a description of all of Defendants' programs, services and facility; a review of all policies and practices that govern the administration of such programs, services and facility; and an analysis of whether the policies and practices regarding such administration adversely affect the full participation of and use by individuals with disabilities;

E. That the Court enter an order mandating Defendants to expeditiously make all reasonable and appropriate modifications in its policies, practices and procedures, provide effective signage, remove all

architectural barriers that would not cause an undue financial or administrative burden or cause a fundamental alteration to the program or activity, provide alternative means when necessary; and, otherwise, take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated or otherwise treated differently and discriminated against at the subject facility;

F. That the Court award damages to Plaintiff, in an amount it deems just and proper, as a result of disability discrimination in violation of the Rehabilitation Act;

G. Awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiff;

H. Retaining jurisdiction of this case until Defendants have fully complied with the orders of this Court and awarding such other, further or different relief, as the Court deems necessary, just and proper.

**COUNT III--NEGLIGENCE *PER SE***
***(Negligence as a matter of law)***

34. Plaintiff adopts and incorporates paragraphs 1 through 7, above, as if fully set forth herein.

35. Defendants were required by the applicable ADA Standards[2] to design, construct, alter and maintain the public toilet rooms within certain parameters, including but not limited to, provision of an accessible toilet room for a person with mobility disabilities containing an accessible water closet with a toilet seat height between 17 and 19 inches above the finished floor, side

[2] The term “ADA Standards” as used in this Complaint refers to the 2010 ADA Standards consisting of both the Title III Regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D.

and rear grab bars, and sufficient clear floor space to enter and exit the accessible toilet room independently, as well as to access the fixtures within the accessible toilet room.

36. The purpose of the ADA Standards as they relate to accessible toilet room is to provide equal access to individuals with disabilities, such as Plaintiff, and further to prevent such individuals from being injured in the manner in which Plaintiff was injured on or about May 8, 2023, as described in Paragraph 5, above.

37. Plaintiff, by virtue of her disabilities as of May 8, 2023, was a member of the class protected by the ADA.

38. Defendants violated the ADA by failing to provide an accessible toilet room for members of the public serving on jury duty (or otherwise).

39. Defendant's failure to comply with ADA Standards mandating provision of grab bars at water closets, toilet seats with heights between 17 and 19 inches above the finished floor, and doors with sufficient clear floor space for a person with a mobility disability to enter and exit independently, caused harm to Plaintiff in precisely the manner that the ADA was intended to prevent.

40. Defendant has failed to design, construct, alter, and/or maintain the public toilet rooms in the subject facility within the parameters set forth in

the ADA Standards, which in turn resulted in Plaintiff's injuries, and, as such, Defendants are guilty of negligence *per se*.

WHEREFORE, PREMISIS CONSIDERED, Plaintiff demands judgment against Defendants as follows:

A. For such compensatory damages as the Court shall award;

B. For costs of court and expenses of suit;

C. For all such further or other relief as the Court deems necessary, just and proper.

**COUNT IV--NEGLIGENCE**

41. Plaintiff adopts and incorporates paragraphs 1 through 7, above, as if fully set forth herein.

42. Defendants are responsible for the design, construction and maintenance of the public toilet rooms at the subject property within which Plaintiff suffered injury to her person.

43. Defendants have a duty to provide reasonably safe toilet rooms for people with disabilities who have been summoned to serve on jury duty.

44. Defendants had notice or constructive notice of the unsafe and defective and inaccessible condition of its toilet room serving the jury room long before Plaintiff was injured on or about May 8, 2023, and have been under

a duty established by the ADA in 1990 to remove such architectural barriers to access on its property.

45. Defendants' failure to design, construct, alter and/or maintain its Courthouse, and particularly the public toilet room serving the jury room, proximately caused Plaintiff’s personal injuries described hereinabove.

WHEREFORE, PREMISIS CONSIDERED, Plaintiff demands judgment against Defendant as follows:

A. For such compensatory damages as the Court shall award;

B. For costs of court and expenses of suit;

C. For all such further or other relief as the Court deems necessary, just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury for all of the issues a jury may properly decide, and for all of the requested relief that a jury may award.

Dated this 4th day of October, 2023.

Respectfully submitted,

By: *s/ Edward I. Zwilling*
Edward I. Zwilling, Esq.
Alabama State Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Drive

Birmingham, Alabama 35242
Telephone: (205) 822-2701
Email: edwardzwilling@zwillinglaw.com